# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| CANDICE CURRY | * | |
| 4715 Williston Street | | |
| Baltimore, Maryland 21229 | * | |
| | | |
| *On her own behalf and on behalf* | * | |
| *of all others similarly situated* | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | |
| | * | CASE NO.: |
| MONEY ONE FEDERAL CREDIT UNION | | |
| 9800 Technology Way | * | |
| Largo, Maryland 20774 | | |
| | * | **REQUEST FOR JURY TRIAL** |
| SERVE ON: | | |
| Beverly S. Zook, President and CEO | * | |
| 9800 Technology Way | | |
| Largo, Maryland 20774 | * | |
| | | |
| AND | | |
| | * | |
| SILVERMAN THEOLOGOU, LLP | | |
| 11200 Rockville Pike, Suite 300 | * | |
| North Bethesda, Maryland 20852 | | |
| SERVE ON: | * | |
| Resident Agent | | |
| Milt N. Theologou, Esq. | * | |
| 11200 Rockville Pike, Suite 300 | | |
| North Bethesda, Maryland 20852 | * | |
| | | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## CLASS ACTION COMPLAINT
### AND
### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Candice Curry ("Named Plaintiff" or "Ms. Curry"), on her own behalf and on behalf of all Maryland residents similarly situated (the "Class" or "Class Members"), through undersigned counsel, files this Class Action Complaint and Demand for Jury Trial against Defendants Money One Federal Credit Union (hereinafter "Money One") and Silverman Theologou, LLP (hereinafter "Silverman Theologou") and alleges as follows:

## INTRODUCTION

1.      Ms. Curry brings this action on her own behalf and on behalf of all Maryland residents similarly situated against Defendant Money One for violating Maryland law after sending deficient repossession notices to her and Class Members following the repossession of their vehicles and then seeking a deficiency from her and Class Members.

2.      Ms. Curry also brings this action on her own behalf and on behalf of all Maryland residents similarly situated against Defendant Silverman Theologou for violating Federal and Maryland law in connection with its debt collection activities in seeking deficiencies from Ms. Curry and Class Members.

3.      Money One financed Ms. Curry's and Class Members' motor vehicles pursuant to the Uniform Commercial Code, Md. Code Ann., Com. Law § 9-101, *et seq.* ("UCC"). Later, Money One and/or contractors acting on its behalf repossessed and sold Ms. Curry's and Class Members' motor vehicles. Ms. Curry and Class Members shall be referred to as the "Repossession Class."

4.      At common law, if a borrower defaulted, a creditor had to choose between recovering the collateral or seeking a money judgment, but not both.

5.      The legislature abrogated the common law to allow a creditor who repossesses the collateral to also seek a deficiency judgment provided the creditor sends specific notices to

borrowers and guarantees borrowers certain rights upon repossession. When Money One repossesses Class Members' motor vehicles, it uses a collection agency, Innovative Strategic Solutions, LLC d/b/a CU Collections, to send notices which omit Class Members' statutory rights and/or are misleading.

6.      As more particularly described below, CU Collections, on behalf of Money One, sent Ms. Curry and similarly situated Maryland consumers a form Post-Repossession Notice which misrepresents the consumer's right to redeem collateral at any time before the sale of the collateral (Md. Code Ann., Com. Law § 9-623).

7.      When the Repossession Class did not pay the dollar amount demanded on the Post-Repossession Form Notice, Money One sold their motor vehicles.

8.      The proceeds from the sales of the Repossession Class' motor vehicles generally did not cover the amount Money One alleged was due under the loan contracts. This resulted in an alleged deficiency balance for members of the Repossession Class.

9.      As a result, after the sale of their vehicles, CU Collections, on behalf of Money One, also sent Ms. Curry and similarly situated Maryland consumers a form Deficiency Demand Notice.

10.     If the consumer borrower does not pay the alleged deficiency, Silverman Theologou, on behalf of Money One, files a collection lawsuit against the consumer or pursues other collection activities as it did against Ms. Curry.

11.     As a result of Money One's acts and omissions, Maryland law does not permit it to collect any alleged deficiency because Money One failed to give proper notices and information relating to the repossession and sale process. *See First Nat. Bank of Maryland v. DiDomenico*, 302 Md. 290 (1985). Money One has no legal right to collect any alleged

deficiency from Named Plaintiff or the Repossession Class.

12.     Plaintiff, on behalf of herself and the Repossession Class, seeks compensatory and statutory damages, declaratory judgment, and injunctive relief, provided for under federal and state law.

13.     Money One and Silverman Theologou's failure to comply with Maryland law is done knowingly and/or with reckless disregard.

14.     Money One's use of form notices which fail to comply with Maryland law makes this case particularly suitable for resolution through a class action lawsuit. The law imposes specific requirements on Money One and therefore the focus is on whether Money One met these requirements. The actions of Ms. Curry or Class Members do not affect whether Defendants met the requirements to claim any alleged deficiency.

**PARTIES**

15.     Candice Curry is an adult, individual citizen of the State of Maryland, currently residing in Baltimore City, Maryland. At all pertinent times hereto, she was a consumer and used the subject vehicle for personal purposes.

16.     Defendant Money One Federal Credit Union is a federal credit union doing business in Maryland, which regularly lends money to consumers and collects consumer debt. Money One is a "collector" as defined by Md. Code Ann., Com. Law § 14-201(b) as it was attempting to collect a consumer debt from Ms. Curry and the Repossession Class, namely alleged monies owed in connection with the financing of vehicles.

17.     Defendant Silverman Theologou, LLP is a Maryland law firm which is engaged in the business of collecting debts from consumers within Maryland. Defendant Silverman Theologou is a "collector" as defined by Md. Code Ann., Com. Law § 14-201(b) as it was

4

attempting to collect a consumer debt from Ms. Curry and the Repossession Class, namely alleged monies owed in connection with the financing of vehicles, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed to another through the filing of lawsuits.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 since certain of the claims asserted herein arise under the laws of the United States.  Further, the Court may elect to retain supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367 since those claims are so related to the federal claims asserted herein that they form part of the same case and controversy.

19.     This Court has jurisdiction asserted because the Defendants transact business, perform work, and provide services in Maryland.

20.     Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial portion part of the events or omissions giving rise to the claims before the Court, related to the Named Plaintiff and Defendants, occurred in this District.

21.     Declaratory and injunctive relief is available pursuant to Md. Code Ann., Cts. & Jud. Proc. §§3-401 to 3-415, 28 U.S.C.A. § 2201, and Fed. R. Civ. P. 23 & 57.

## FACTUAL ALLEGATIONS FOR MS. CURRY

22.     On September 24, 2015, Ms. Curry signed a Loan and Security Agreement ("Loan Agreement") in order to refinance a 2009 BMW X5 with Money One.

23.     In 2017, Ms. Curry's vehicle was repossessed.

24.     On or about November 1, 2017, CU Collections, on behalf of Money One, sent a letter to Ms. Curry that Money One had taken possession of her vehicle and that she had "the

right to redeem and take possession of the vehicle within (15) days after the date of this letter" ("Post-Repossession Notice"). The Post-Repossession Notice states that in order to redeem the vehicle, Ms. Curry had to pay an "Admin Fee" of $45.00 in addition to a past due amount and other fees.

25.    In addition, the Post-Repossession Notice states "[y]ou have until 11/16/2017 to redeem your vehicle."

26.    CU Collections, on behalf of Money One, sent a letter to Ms. Curry dated December 27, 2017, which states that the vehicle had been sold ("Notice of Deficiency") and demands that Ms. Curry pay a deficiency of $21,584.41.

27.    An "Admin Fee" is not listed under the Cost of Repossession and Sale.

28.    Silverman Theologou, on behalf of Money One, filed suit against Ms. Curry on January 3, 2019, claiming that she breached the Loan Agreement.  That action was filed in the Baltimore City District Court for $22,722.13 plus interest of $908 and attorneys' fees of $2,000.00 ("District Court Collection Case").  That action is still pending as of the date of the filing of this Complaint.

29.    The notices sent by Money One are deficient as set forth below, and therefore, it was barred from attempting to collect the deficiency from Ms. Curry.

30.    Money One and Silverman Theologou knew or should have known that the notices Ms. Curry was sent following the repossession of her vehicle were defective.

31.    On October 3, 2018, a motion to stay was filed in a district court case filed by Silverman Theologou on behalf of Money One which alleged that the repossession notices were defective and Money One was barred from seeking a deficiency.

32.     As a result, when Silverman Theologou filed suit against Ms. Curry, it knew that there was an allegation that Money One was barred from seeking a deficiency.  Regardless, Silverman Theologou continued to file lawsuits and seek judgments against Ms. Curry and the Repossession Class.

33.     In addition, the defective Post-Repossession Notice was attached to the lawsuit filed against Ms. Curry.

## CLASS ACTION ALLEGATIONS

34.     Named Plaintiff brings this action individually and on behalf of all persons similarly situated.

35.     The Class consists of: All Maryland consumers whose vehicles were repossessed and sold by Money One Federal Credit Union ("Money One") or contractors acting on its behalf on or after four years before the filing of this action, pursuant to a credit contract governed by Md. Code Ann., Com. Law § 9-101, *et seq.*, ("UCC") and as to whom CU Collections sent post-repossession notices which stated that the consumers had 15 days to redeem their vehicles.

36.     Subclass A consists of: All members of the Class who were charged a $45 "Admin Fee" in order to redeem their vehicle.

37.     Subclass B consists of: All members of the Class who were sued by Defendant Silverman Theologou, LLP, acting as counsel for Defendant Money One and were served with the lawsuit on or after one year before the filing of this action.

38.     Excluded from the Class are (a) those individuals who now are or have ever been executives of the Defendants and the spouses, parents, siblings and children of all such individuals, (b) any individual who was not a resident of the State of Maryland as of the date that his or her vehicle was repossessed, and (c) any individual who was granted a discharge pursuant

to the United States Bankruptcy Code or state receivership laws after the date of his or her contract, unless they reaffirmed their obligations with approval of the bankruptcy court.

39.    The Repossession Class, as defined above, is identifiable.  Named Plaintiff is a member of the Repossession Class.

40.    Upon information and belief, the Repossession Class consists, at a minimum, of dozens of people who entered into credit contracts with Money One and whose vehicles were subsequently repossessed and sold and is thus so numerous that joinder of all members is clearly impracticable.

41.    In addition, Silverman Theologou has filed 75 cases on behalf of Money One in the past year alone.

42.    There are questions of law and fact which are not only common to the Repossession Class but which predominate over any questions affecting individual class members.  The common and predominating questions include, but are not limited to:

      (a)    Whether Money One misrepresented consumers' rights to redeem their vehicles after their vehicles were repossessed;

      (b)    Whether Money One charged consumers an "Admin Fee" of $45.00 to which they were not entitled to charge;

      (c)    Whether Money One misrepresented in writing to the Repossession Class the Defendant's right to collect funds from members of the Class;

      (d)    Whether Money One and Silverman Theologou assessed, attempted to collect and/or collected deficiency balances from members of the Repossession Class that they had no legal right to demand or collect, and for which the Repossession Class members were not liable;

(e)    Whether the Repossession Class is entitled to statutory damages in the amount of the finance charge plus ten percent of the principal obligation applicable to their contracts; and

(f)    Whether declaratory and injunctive relief is proper, to prevent Money One from continuing to seek deficiency judgments in violation of the UCC and to compel Money One's compliance with the UCC.

43.    Claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a), and are based on and arise out of similar facts constituting the wrongful conduct of Money One. The prosecution of separate actions by individual members of the Repossession Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

44.    Defendants' actions are applicable to the Repossession Class as a whole, and Named Plaintiff seeks equitable remedies with respect to the Class as a whole, within the meaning of Fed. R. Civ. P. 23(b)(2).

45.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Repossession Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).

46.    The likelihood that individual members of the Repossession Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and the fact that Defendants affirmatively misrepresents to consumers their rights and obligations.

47.    Plaintiff's counsel is experienced in class actions and foresee little difficulty in the management of this case as a class action.

48.     Named Plaintiff is adequate and will fairly represent the interests of the Repossession Class in accordance with her affirmative obligations and fiduciary duties.

## COUNT I– VIOLATION OF THE UNIFORM COMMERCIAL CODE
## AGAINST MONEY ONE
## ON BEHALF OF THE REPOSSESSION CLASS

49.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

50.     Under the Uniform Commercial Code, consumers have a right to redeem collateral at any time before the sale of the collateral (Md. Code Ann., Com. Law § 9-623).

51.     The Post-Repossession Notices misrepresent the consumer's right to redeem the collateral up until the time of sale, instead stating that the consumer has 15 days to redeem their vehicle.

52.     The Post-Repossession Notices also include a $45 "Admin Fee" not actually incurred and Money One was not permitted to include this amount in the redemption amount.

53.     Because Money One misrepresented the rights of Named Plaintiff and Class Members, and violated the UCC in the ways described above, it was not entitled to seek a deficiency from Named Plaintiff and Class Members.

54.     Under Md. Code Ann., Com. Law § 9-625(c)(2), Named Plaintiff and Class Members are entitled to recover the amount of the finance charge plus ten percent of the principal obligation applicable to their contracts.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her favor and the Class's favor against Money One on their UCC claims.

## COUNT II
## VIOLATION OF MARYLAND CONSUMER DEBT COLLECTION ACT
## AGAINST MONEY ONE AND SILVERMAN THEOLOGOU

10

## ON BEHALF OF THE REPOSSESSION CLASS

55.    Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

56.    Defendants are "collectors" and were attempting to collect a "consumer debt" in accordance with Maryland's Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.* as the subject vehicles were used primarily for personal purposes, family or household purposes.

57.    This act prohibits a debt collector from "[c]laim[ing], attempt[ing] or threat[ening] to enforce a right with knowledge that the right does not exist." *See* Md. Code Ann, Com. Law § 14-202(8).

58.    Defendants' actions in attempting to collect deficiencies from Named Plaintiff and the Repossession Class in the form of the Deficiency Demand Notices sent to the Named Plaintiff and the Repossession Class and/or collection lawsuits filed against Named Plaintiff and the Repossession Class, among other collection activities, when they were prohibited by law violates Md. Code Ann., Com. Law § 14-202(8) which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

59.    Defendant Money One also violated Md. Code Ann., Com. Law § 14-202(8) by attempting to collect a $45.00 "Admin fee" from the Repossession Class in connection with the redemption of their vehicles, when Money One was not entitled to collect this fee.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her favor and the Class's favor against Money One and Silverman Theologou on their MCDCA claims.

## COUNT III
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT ("MCPA")
## AGAINST MONEY ONE

## ON BEHALF OF THE REPOSSESSION CLASS

60.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

61.     Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law § 13-101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices regarding, among other things*,* the collection of consumer debts. Md. Code Ann., Com. Law § 13-303(5).

62.     Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law § 13-101, *et seq.*, constitutes remedial legislation that is intended to be construed liberally in order to promote its purpose of providing a modicum of protection for the State's consumers. *Washington Home Remodelers, Inc. v. State, Office of Attorney Gen., Consumer Prot. Div*., 426 Md. 613, 630, 45 A.3d 208, 219 (2012).

63.     As a "person" under the CPA, Md. Code Ann., Com. Law § 13-101(h), Money One is prohibited from engaging in unfair and deceptive trade practices.

64.     The CPA applies to Money One as Named Plaintiff and Class Members are consumers, the vehicles were used for personal, family or household purposes and the subject transactions occurred during the course of the collection of a consumer debt.

65.     The CPA deems the following to be an unfair and deceptive trade practice in violation of the law:

> a.     "False, falsely, disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."  Md. Code Ann., Com. Law § 13-301(1); and

b. "Failure to state a material fact if the failure deceives or tends to deceive." Md. Code Ann., Com. Law § 13-301(3).

66. In violation of the CPA, Md. Code Ann., Com. Law §§ 13-303(5) and 13-301(1), Money One notified the Repossession Class in writing that they owed Money One deficiency balances which, in fact, the Repossession Class did not owe and which Money One could not collect, due to its failures to comply with the law.

67. These written statements were false and misleading and tended to and did deceive the Repossession Class, many of whom, upon information and belief, made payments to Money One which were not due and owing.

68. In violation of the CPA, Md. Code Ann., Com. Law §§ 13-303(5) and 13-301(1) and (3), Money One failed to disclose to the Repossession Class the material facts that Money One did not have the right to collect a deficiency judgment. This failure to disclose material facts, upon information and belief, led Class Members to make payments which were not due and which they would not have made had Money One informed them of the material facts.

69. In violation of the CPA, Md. Code Ann., Com. Law §§ 13-303(5) and 13-301(1) and (3), Money One told members of the Repossession Class that they were required to pay a $45.00 "Admin fee" in order to redeem their vehicles, when Money One was not entitled to collect this fee.

70. Money One engaged in unfair and deceptive practices by collecting and attempting to collect on alleged debts which, in fact, were not due, and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, Md. Code Ann., Com. Law § 13-101 *et seq.*, including Md. Code Ann., Com. Law §§ 13-303(5), and 13-301(1) and (3).

71. Money One engaged in unfair and deceptive practices by failing to comply with

the UCC in relation to its repossession notices to members of the Repossession Class, and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, including Md. Code Ann., Com. Law §§ 13-303 (5) and 13-301(1) and (3).

72.     As a result of Money One's unfair and deceptive trade practices in violation of the CPA, upon information and belief, Class Members were induced to make payments to Money One on alleged deficiency balances, causing Class Members injury or loss.

73.     In violation of the CPA, Md. Code Ann., Com. Law §§ 13-303(5) and 13-301(1) and (3), and as part of an effort to compel the Repossession Class to make payments which were not due, upon information and belief, Money One made false and misleading reports to credit reporting agencies regarding the amounts which the Repossession Class owed on their accounts, causing injury or loss.

74.     A violation of the MCDCA is a *per se* violation of the MCPA. Md. Code Ann., Com. Law § 13-301(14)(iii).

### COUNT IV
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692, *et seq.* AGAINST SILVERMAN THEOLOGOU ON BEHALF OF SUBCLASS B

75.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

76.     By communicating with the Named Plaintiff and Subclass B Members directly and indirectly and threatening and/or actually pursuing litigation and demanding and collecting sums not legally due from the Named Plaintiff and Subclass B Members based upon Money One's defective repossession notices, Defendant Silverman Theologou used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of

the Named Plaintiff and Subclass B Members in violation of 15 U.S.C. § 1692e.

77.     Defendant Silverman Theologou's actions described herein constitute unfair or unconscionable means to collect or attempt to collect from the Named Plaintiff and Subclass B Members in violation of 15 U.S.C. § 1692f.

78.     Named Plaintiff and Subclass B Members have suffered actual economic and non-economic damages, as more fully described *supra* as a result of Defendant Silverman Theologou's illegal debt collection practices and direct and indirect actions described herein.

79.     The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her favor and Subclass B Members' favor against Defendant Silverman Theologou on their FDCPA claims.

## COUNT V – DECLARATORY AND INJUNCTIVE RELIEF
### AS TO MONEY ONE
### ON BEHALF OF THE REPOSSESSION CLASS

80.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

78.     This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Proc. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit contracts of the Repossession Class and the consumer protections embodied in the UCC.

79.     Money One maintains it may collect a deficiency balance from members of the Repossession Class even though Money One failed to provide the Repossession Class with complete post-repossession and post-sale notices required by the UCC.

80.     The Repossession Class have received or will receive collection notices from Money One and/or debt collectors demanding payment of the alleged deficiency balance, and

have been sued or will be sued for collection of the sums which Money One alleges are due. Moreover, upon information and belief, Money One also notifies credit reporting agencies to which it reports (including Equifax, TransUnion and Experian) of the alleged balances due, thereby damaging the credit scores and credit history of the Repossession Class.

81.     These practices continue and will continue unless and until this Court declares and affirms that Money One may not collect any alleged deficiency balance.

82.     This presents an actual, justiciable controversy between the parties relating to the application of the UCC to the contracts between Money One and the Repossession Class because Money One has sought or likely will seek to collect on the alleged deficiency balances, including through filing a collection action in court, and upon information and belief, Money One continues to harm members of the Repossession Class by reporting false and derogatory information to credit reporting agencies regarding the accounts in question.

83.     The Repossession Class has a right to be free from Money One's attempts to collect deficiency balances which are not collectible as a matter of law under the terms of its contracts with the Repossession Class.

84.     The benefits to the Repossession Class in obtaining an injunction outweigh any potential harm Money One would incur as a result of an injunction, under the balance of the harms test, as Money One has no legal or contractual right to collect deficiency balances from the Repossession Class, and the Repossession Class would greatly benefit from being relieved of Money One's attempts to collect these illegal charges.

85.     The Repossession Class will suffer irreparable injury unless the requested injunctions are granted, as Money One will continue to attempt to collect, and collect, deficiency balances from them in violation of the law, and upon information and belief, Money One will

report erroneous and derogatory information to the credit reporting agencies regarding the Repossession Class based on the illegally imposed charges.

86.    The public interest is best served by granting the requested injunctions, as the public has a compelling interest in preventing Money One from violating the statutory and common law of the State of Maryland in its repossession and/or collection practices, and a compelling interest in seeing the laws of the State of Maryland obeyed.

87.    Named Plaintiff and Class Members are likely to succeed on the merits of this action, as the UCC explicitly requires that Money One include in its notices information that it did not include.

WHEREFORE, Named Plaintiff prays that the following relief be granted to her and Class Members on their claims set forth above:

A.    The Court certify the Repossession Class and appoint Plaintiff as Class Representative and her counsel as Class Counsel;

B.    The Court enter a declaratory judgment establishing that Money One may not collect any claimed deficiency balance, interest, fees, costs and other charges on a loan account of the Repossession Class;

C.    The Court enter an order granting the Repossession Class a preliminary and permanent injunction prohibiting Money One from collecting or attempting to collect alleged deficiency balances, interest, fees, costs and other charges from the Repossession Class;

D.    The Court enter an order requiring Money One within 30 days to notify all credit reporting agencies to whom it reports that (i) members of the Repossession Class

have a zero balance on their accounts, and (ii) removing any notation to the effect that the account has been charged off;

E.      The Court enter judgment in favor of Named Plaintiff and Class Members against Money One and award statutory damages for members of the Repossession Class pursuant to Md. Code Ann., Com. Law § 9-625(c)(2), in the amount of the finance charge plus ten percent of the principal obligation applicable to their contracts;

F.      The Court enter judgment in favor of Named Plaintiff and Class Members against Money One in the amount of all sums paid by the Named Plaintiff and members of the Repossession Class toward the claimed deficiency balance, interest, fees, costs and other charges;

G.      The Court enter judgment in favor of Named Plaintiff and Class Members against Silverman Theologou and award statutory and actual damages;

H.      The Court award pre-judgment and post-judgment interest on all sums award to the Named Plaintiffs and members of the Repossession Class;

I.      The Court award to Named Plaintiffs and members of the Repossession Class reasonable counsel fees and the costs of these proceedings; and

J.      The Court order such other and further relief as the nature of this case may require.


                                        //s// Chelsea Ortega
                                        Jane Santoni, Fed. Bar Number 05303
                                        Chelsea Ortega, Fed. Bar Number 19327

(signed by Chelsea Ortega with permission of Jane
Santoni)
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(443) 921-8161
(410) 525-5704 (fax)
cortega@svolaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND
## (Northern Division)

CANDICE CURRY                         \*
4715 Williston Street
Baltimore, Maryland 21229         \*

      *On her own behalf and on behalf*   \*
      *of all others similarly situated*
                                  \*

      Plaintiff
                                  \*

v.

                                  \*    CASE NO.:

MONEY ONE FEDERAL CREDIT UNION
9800 Technology Way               \*
Largo, Maryland 20774

                                  \*    **REQUEST FOR JURY TRIAL**

      SERVE ON:
      Beverly S. Zook, President and CEO \*
      9800 Technology Way
      Largo, Maryland 20774          \*

AND

                                    \*

SILVERMAN THEOLOGOU, LLP
11200 Rockville Pike, Suite 300      \*
North Bethesda, Maryland 20852
      SERVE ON:                   \*
      Resident Agent
      Milt N. Theologou, Esq.         \*
      11200 Rockville Pike, Suite 300
      North Bethesda, Maryland 20852    \*

      Defendants                  \*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## PRAYER FOR A JURY TRIAL

Plaintiff, individually and on behalf of Class Members, respectfully prays a jury trial in this case.

20

*//s// Chelsea Ortega*
Jane Santoni, Fed. Bar Number 05303
Chelsea Ortega, Fed. Bar Number 19327
(signed by Chelsea Ortega with permission of Jane Santoni)
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(443) 921-8161
(410) 525-5704 (fax)
cortega@svolaw.com
*Attorneys for Plaintiff*