IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Candice Curry | * | |
|     Plaintiff | * | |
| v. | * | Case No.: 8:19-cv-03467-DKC |
| Money One Federal Credit Union, et al. | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MEMORANDUM REGARDING STANDING IN LIGHT OF SUPREME COURT DECISION IN *TRANSUNION L.L.C. V. RAMIREZ***

Plaintiff Candice Curry, by and through undersigned counsel, and pursuant to this Court's Notice issued on June 25, 2021 (Doc. No. 40), files this memorandum addressing the question of standing.

**I. INTRODUCTION**

On December 4, 2019, Plaintiff Curry filed a putative class action lawsuit captioned *Curry v. Money One Federal Credit Union*, *et al.* (hereinafter referred to as the "Lawsuit"), asserting class claims against Defendants Money One Federal Credit Union ("Money One") and Silverman Theologou, LLP (hereinafter "Silverman Theologou") under the Uniform Commercial Code, Md. Code Ann., Com. Law § 9-101, *et seq.*; the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201, *et seq.*; the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101, *et seq.*; the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*; and sought declaratory and injunctive relief. This Court has federal question jurisdiction over Ms. Curry's FDCPA claims and supplemental jurisdiction over her state-

law claims. Money One thereafter filed a Third-Party Complaint against CU Collections.

Plaintiff alleges that Money One provided form notices containing the subject "Notice of Repossession of Vehicle" to Maryland consumers whose vehicles were repossessed and sold that allegedly did not comply with all of the requirements of the UCC. Money One then sought deficiencies from these consumers and reported information to credit reporting agencies regarding their balances. She also alleges that Silverman Theologou filed actions for deficiency judgments against herself and some of the class members when those actions were barred as a matter of law. On June 15, 2021, the Parties jointly sought preliminary certification and approval of the proposed class action settlement to resolve the Lawsuit. (Doc. No. 38) On June 24, 2021, the Parties participated in a conference call with the Court to discuss the Court's questions regarding the settlement.

On June 25, 2021, the Supreme Court issued its decision in *TransUnion L.L.C. v. Ramirez*, 2021 WL 2599472 (U.S. June 25, 2021). The decision follows up on the Court's 2016 decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which, like *Ramirez*, also addressed whether the injury a consumer suffered due to an inaccurate credit report met the concreteness requirement for Article III standing.

On June 25, 2021, this Court issued a notice directing the Parties to file memoranda to address the question of standing in this matter. Doc. No. 40.

Because Plaintiff was sued by Defendants following the allegedly defective repossession notice, she suffered a concrete injury, and thus has standing for each of the claims she has pursued in this action and is entitled to all of the relief being offered by the settlement. In addition, the Class Members who were also sued would similarly have

standing. The Class Members who made monetary payments after Defendant Money One sent an allegedly defective notice have standing because they have been damaged monetarily. This is a debt collection case in which Plaintiff alleges that the creditor, here Money One, sent false information to a third party about Plaintiff and Class Members. Further, and importantly, it is alleged and believed that Money One disclosed false and misleading information to credit reporting agencies for each and every Class Member. The concrete injury of damaged credit provides standing for the entire class and will be resolved through the settlement in which Money One has agreed to repair Class Members' credit.

## II. SUPPORTING MEMORANDUM OF LAW

### A.   The *Ramirez* Decision

Mr. Ramirez filed a putative class action case on his own behalf and thousands of others alleging violations of the Fair Credit Reporting Act (FCRA) against TransUnion, one of the "Big Three" nationwide consumer reporting agencies, after the credit bureau issued a report to a potential creditor identifying Mr. Ramirez as a potential terrorist. 2021 WL 2599472 *3-5. Consequently, Mr. Ramirez was denied a car loan.  *Id.* at *4. The Supreme Court agreed with Mr. Ramirez that TransUnion had failed to use reasonable procedures to ensure the accuracy of class members' credit reports. The Court held, however, that while Ramirez had suffered a concrete injury, the other class members who were flagged as terrorists had standing only if their erroneous information in TransUnion's internal files was sent to third parties. The Court held that class members whose false information had not been published to a third party did not suffer concrete harm, and they had no standing to bring an FCRA action in federal court. *Id.* at *14.

In its decision, the Court explained that three types of injury should be sufficient for constitutional standing in federal court: (i) physical or monetary injury; (ii) reputational harms, disclosure of private information, and intrusion upon seclusion; and (iii) infringement of Constitutional rights. *Id.* at *7-8.

As part of the Court's acknowledgement that disclosure of private information is a type of intangible harm that is concrete because it was actionable under common law for analogous wrongs, the Court clarified that where the allegedly false information was disclosed to a third party, the consumer whose information was disclosed would have standing to prosecute those claims. *Id.* at *14. As a result, credit reporting errors that are communicated to third parties cause concrete injury. *Id.*

### B.   Ms. Curry has Standing to Bring Her Claims Because a Collection Lawsuit was Filed Against Her

Like Mr. Ramirez, Ms. Curry has standing because Defendants conveyed the allegedly false information regarding her account with Money One to third parties.

To bring a claim in federal court, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). "Injury in fact" requires a "concrete injury," meaning it "actually exist[s]," and one that is "particularized," as in affecting the plaintiff in a personal way. *Id.* at 1548. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Ms. Curry easily satisfies these requirements.

Pursuant to the UCC, a creditor who repossesses collateral may also seek a

4

deficiency judgment **as long as** the creditor sends specific notices to borrowers and guarantees borrowers certain rights upon repossession. *See* Md. Code Ann., Com. Law § 9-611 ("[A] secured party that disposes of collateral under § 9-610 shall send to the persons specified in subsection (c) a reasonable authenticated notification of disposition.").

The Maryland Court of Appeals has addressed defective repossession notices where the UCC was the governing law in two decisions. In *Maryland Nat. Bank v. Wathen*, the court was presented as a matter of first impression the issue of "whether a secured party, who, after default by the debtors, repossesses the collateral and conducts the sale thereof, is **barred from suing for a deficiency** because he failed to notify the debtor of the sale." 288 Md. 119, 120 (1980) (emphasis added). After reviewing decisions from other states as well as its prior decisions "regarding the required notice in other types of sales indicated an abiding concern for its strict observance," the court held that "compliance with the notice provision [of the UCC] is a condition precedent to recovery of a deficiency judgment." *Id.* at 126.

The second case, *First Nat. Bank of Maryland v. DiDomenico*, dealt with a post-repossession notice that was essentially identical to the notice sent by CU Collections in the instant matter. 302 Md. 290 (1985). There, the creditor sent a repossession notice after repossessing the consumer's mobile home which stated that the consumer had 15 days to redeem his property. *Id.* at 293. The creditor then sued the consumer for a deficiency. *Id.* The court held that the 15-day right of redemption was not a "reasonable notification" of the sale. *Id.* at 295. *See also Ruden v. Citizens Bank & Tr. Co. of Maryland*, 99 Md. App. 605, 627 (1994) ("*Wathen* and *DiDomenico* establish unmistakably that in Maryland the

5

failure of a creditor to comply with the notice requirement of § 9–504(3) will operate as an absolute bar to the obtaining of any deficiency judgment against the debtor.").

Despite that the defective notice prevented Money One from seeking a deficiency judgment, on January 3, 2019, Silverman Theologou, on behalf of Money One, filed suit against Ms. Curry in the Baltimore City District Court for $22,722.13, plus interest of $908 and attorneys' fees of $2,000 ("Collection Case"). Compl. ¶ 28. Because the lawsuit shows up on Case Search, a free public record search available to everyone, anyone can see that the Collection Case was filed against Ms. Curry. As a result, this harm is analogous to the common law claims of reputational harms, disclosure of private information, and/or intrusion upon seclusion, which the *Ramirez* Court recognized as conferring standing.

Ms. Curry is entitled to monetary damages because she alleged actual damages as a result of the lawsuit filed against her. Compl. ¶ 78. In addition, she is entitled to a dismissal of the Collection Case with prejudice because Money One had no right to bring the case. *Id.* ¶ 80. The Collection Case is still currently pending, further reinforcing the fact that she has been injured and will continue to be so injured until she receives the relief sought in this matter. *See* Case No.: 010100000912019, Balt. City District Court. Finally, she is entitled to a deletion of the trade line from her credit reports because it is a misrepresentation that she owes any further amounts to Money One. *Id.*

### C. All Putative Class Members also have Standing

Similar to Ms. Curry, some of the class members were also sued by Silverman Theologou, on behalf of Money One. Compl. ¶¶ 10, 32. Ms. Curry also alleged, upon information and belief, that some class members were also induced to make payments to

6

Money One on alleged deficiency balances, causing monetary damages to these class members, and entitling them to actual damages. *Id.* ¶ 72. Additionally, Plaintiff alleged, upon information and belief, that ***all*** of the class members suffered the same harm in that their credit was damaged. Compl. ¶¶ 73, 80; *see also Trichell v. Midland Credit Mgmt., Inc.,* 964 F.3d 990, 997 (11th Cir. 2020) (citing *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279–80 (11th Cir. 2017)) ("And, of course, a FCRA claim involving not only disclosure of false and sensitive information, but also consequential harms such as a reduced credit score, is also actionable."); *Daughtry v. Receivables Outsourcing, LLC*, No. 8:16–cv–02403–PWG, memo. op. at 4 (D. Md. Jan. 17, 2017) (holding that in the context of the Maryland Consumer Debt Collection Act, "'harm to [the plaintiff's] credit score' is a sufficient allegation of damages to survive a motion to dismiss a claim."). As part of the proposed settlement, Money One has agreed to delete the tradelines from class members' credit reports. *See* Doc. No. 38-1.

Unlike the class members in *Ramirez* whose credit files had only been marked internally, here, the class members have not suffered a purely informational injury because the false information has been disseminated in public records, i.e. collection lawsuits filed with the courts, and to third parties in the form of tradelines on the class members' credit reports. As alleged in the Complaint, Money One sent the false information to third parties – here, credit reporting agencies. Compl. ¶¶ 73, 80. Money One also asserted a right to collect the debt in the form of deficiency judgments and collection letters to class members, even though it had no right to a deficiency judgment, and therefore, all class members are entitled to declaratory and injunctive relief to declare that Money One is not entitled to any

additional amounts. *Id.* ¶ 80.

Finally, in contrast to the plaintiffs in *Trichell v. Midland Credit Mgmt., Inc.*, who alleged that the collection letters they received could have misled them into making payments, it is alleged that some class members here were induced to make payments following Money One's allegedly defective post-repossession notices. 964 F.3d 990, 1000 (11th Cir. 2020).

### III. CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that the Court preliminarily certify the proposed class and preliminarily approve the proposed settlement by entering the proposed Preliminary Approval Order, and for such other relief as this Court deems proper.

Respectfully submitted,

Dated: July 12, 2021

*/s/ Chelsea Ortega*
Chelsea Ortega, Fed. Bar Number 19327
Jane Santoni, Fed. Bar Number 05303
Matthew Thomas Vocci, Fed. Bar Number 28235
Santoni, Vocci & Ortega, LLC
409 Washington Avenue, Suite 1000
Towson, Maryland 21204
Phone: 443-921-8161
Fax: 410-525-5704
cortega@svolaw.com
*Attorneys for the Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing and attachments were sent to all parties and counsel of record when this motion was filed with the Court's ECF service.

*/s/ Chelsea Ortega*
Chelsea Ortega