```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

CANDICE CURRY, on her own behalf:
and on behalf of all others
similarly situated               :

    v.                           :    Civil Action No. DKC 19-3467

                                 :
MONEY ONE FEDERAL CREDIT UNION,
et al.                           :
```

**NOTICE TO COUNSEL**

On December 4, 2019, Plaintiff Candice Curry filed a putative class action lawsuit against Money One Federal Credit Union, LLC ("Money One"), Innovative Strategic Solutions, LLC, (d/b/a/ "CU Collections"), and Silverman Theologou, LLP ("Silverman Theologou") (together, "Defendants") alleging violations under the Uniform Commercial Code, Md. Code Ann., Com. Law § 9-101, *et seq.*; the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201, *et seq.*; the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101, *et seq.*; and the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692, *et seq.*  (ECF No. 1).

In June 2021, following limited discovery and mediation discussions, the parties entered into a class action settlement agreement.  On June 15, 2021, the parties jointly filed a motion for preliminary certification and approval of the proposed class action settlement agreement.  (ECF No. 38).  On June 24, 2021,

the court convened a telephone conference to discuss a handful of outstanding questions regarding the terms of the proposed settlement agreement. The following day, on June 25, 2021, the Supreme Court issued an opinion in *TransUnion LLC v. Ramirez* concerning the requirement of standing in a class action. In particular, the majority held that "An 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" 2021 WL 2599472 (U.S. June 25, 2021) (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). In light of *Ramirez*, this court issued a notice to counsel stating that before it could proceed with determining whether to grant the motion for preliminary approval of settlement, it must satisfy itself that Ms. Curry and all putative class members suffered a concrete injury. Thus, the court directed the parties to file memoranda addressing the question of standing in this case. (ECF No. 40). On July 12, 2021, Plaintiff filed a memorandum asserting that she and all members of the putative class meet the concreteness requirement for Article III standing because all of them suffered damaged credit as a result of Defendants' disclosure of false information: (1) in public court records via the collection lawsuits filed against Plaintiff and some class members and (2) to credit reporting agencies resulting in negative tradelines on Plaintiff and all class members' credit reports. (ECF No. 43).

Defendants filed a response on July 26, 2021, noting that, for purposes of this settlement, they do not contest that Plaintiff and the members of the putative class have satisfied the requirement of standing.  (ECF No. 44).  While it is probably a closer question than the parties make it out to be in their filings, the court is satisfied that Plaintiff has adequately alleged standing for herself and the class members.  Accordingly, the court may now move forward in ruling on the previously filed motion for preliminary approval of the proposed class action settlement agreement.  Due to the approximately one-month delay caused by briefing the issue of standing, the court will promptly reach out to the parties to set a revised date for the Final Fairness Hearing.

                                                           _____/s/_____
                                                           DEBORAH K. CHASANOW
                                                           United States District Judge