IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CANDICE CURRY, on her own behalf:
and on behalf of all others
similarly situated                    :

        v.                            :   Civil Action No. DKC 19-3467

                                      :

MONEY ONE FEDERAL CREDIT UNION,
et al.                                :

**MEMORANDUM OPINION AND ORDER**

On December 4, 2019, Plaintiff Candice Curry filed a putative
class action lawsuit against Money One Federal Credit Union, LLC
("Money One"), Innovative Strategic Solutions, LLC, (d/b/a/ "CU
Collections"), and Silverman Theologou, LLP ("Silverman
Theologou") (together, "Defendants")[1] alleging violations under
the Uniform Commercial Code ("UCC"), Md. Code Ann., Com. Law § 9-
101, *et seq.*; the Maryland Consumer Debt Collection Act, Md. Code
Ann., Com. Law § 14-201, *et seq.*; the Maryland Consumer Protection
Act, Md. Code Ann., Com. Law § 13-101, *et seq.*; and the Fair Debt
Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692, *et seq.*
(ECF No. 1).  Money One financed, and then later repossessed and
sold, Ms. Curry's and Class Members' motor vehicles.  Ms. Curry
alleges that Money One, through its agent, CU Collections,
provided, to Maryland consumers whose vehicles were repossessed

---

[1] Plaintiff's complaint named only Money One and Silverman
Theologou as Defendants.  Money One thereafter filed a third-party
complaint against CU Collections.  (ECF No. 11).

and sold, form notices that failed to comply with all of the
requirements of the UCC.   She also alleges that Silverman
Theologou, a law firm engaged in the business of collecting debts
from consumers within Maryland, filed actions for deficiency
judgments against herself and a subclass of individuals when those
actions were barred as a matter of law.   Finally, she alleges that
she and other Maryland consumers suffered damaged credit as a
result of Defendants' disclosure of false information to third-
party credit agencies and in public court filings.   Plaintiff
asserts these allegations on behalf of herself and a putative class
of all Maryland consumers whose vehicles were repossessed and sold
by Money One or contractors acting on its behalf from December 5,
2015 to January 21, 2019, pursuant to a credit contract governed
by Md. Code Ann., Com. Law § 9-101, *et seq.*, and as to whom CU
Collections sent post-repossession notices which stated that
consumers had 15 days to redeem their vehicles ("Class Members").[2]

The parties exchanged mediation discovery and, on May 7, 2021,
participated in a seven-hour mediation with the Honorable Barbara
Kerr Howe.   (*See* ECF Nos. 34 & 38, at 2).   Following mediation and
arms-length negotiations with counsel, the parties agreed to

---

[2] The class definition initially proposed included consumers
whose vehicles were repossessed "from December 5, 2015 to the
present." (ECF No. 38-1, at 44).   The settlement agreement recites
that the allegedly defective notice was not used after January 21,
2019, (ECF No. 38-1, at 2), and counsel agreed that the class
definition would be delineated as set forth in this Order.

settlement terms.  On June 15, 2021, the parties jointly filed a motion seeking preliminary approval of the proposed class action settlement agreement ("the Settlement Agreement"), which attempts to resolve Plaintiff's claims brought as a putative class action pursuant to Fed.R.Civ.P. 23(b)(3).  The parties also seek preliminary certification of a proposed settlement class consisting of all Maryland consumers whose vehicles were repossessed and sold by Money One Federal Credit Union ("Money One") or contractors acting on its behalf from December 5, 2015 to January 21, 2019, pursuant to a credit contract governed by Md. Code Ann., Com. Law § 9-101, et seq., and as to whom CU Collections sent post-repossession notices which stated that consumers had 15 days to redeem their vehicles; approval of a proposed form and method of notice; appointment of class counsel; and appointment of Ms. Curry to serve as class representative.

On June 24, 2021, the court convened a conference call with the parties to discuss some outstanding questions regarding the proposed Settlement Agreement.  The following day, the Supreme Court issued its decision in *TransUnion L.L.C. v. Ramirez*, 2021 WL 2599472 (U.S. June 25, 2021), noting that an asserted informational injury that does not cause any adverse effect is insufficient to satisfy the Article III standing requirement.  Thus, this court issued a notice directing counsel to brief the question of standing in this case.  (ECF No. 40).  Plaintiff and Defendants responded,

on July 12th and July 26th, respectively, and the court issued a notice on July 28, 2021, informing the parties that it was satisfied Plaintiff had adequately alleged standing on her own behalf and on behalf of all putative class members. (ECF Nos. 43-45).  Accordingly, the court now rules on the pending motion for preliminary approval and certification.

In very basic terms, the proposed Settlement Agreement requires that Class Members receive a complete waiver of any deficiency[3] they owe to Money One arising out of the contracts covered by the Settlement Agreement; that Money One request a deletion of the trade line on Class Members' credit reports associated with the contracts covered by the Settlement Agreement; and that Defendants, collectively, pay a sum of $150,000.00 to a settlement fund, to be divided as follows: (1) an incentive payment to Ms. Curry in recognition of her efforts on behalf of the proposed settlement class; (2) payment of attorneys' fees and case costs, including settlement administration, in an amount not to exceed 33% of the amount of deficiencies waived for the settlement class plus the monetary payments made to the Class Members; and (3) payment to each Class Member on a *pro rata* basis. (*See* ECF No. 38, at 5-6).

---

[3] The total waiver of deficiencies for all Class Members equals approximately $492,225.44.

In consideration, members of the settlement class who do not exclude themselves from the Settlement Agreement agree to release Defendants from all matters related to the claims and allegations asserted in the lawsuit, the repossession and/or sale of the vehicles of the Class Members under their contracts, and/or efforts to collect and/or report the debts of Class Members under their contracts. (ECF Nos. 38-1, at 15-16 & 38-3, at 2).

Generally, approval of a Rule 23 class action settlement involves a two-step process. First, the terms of the proposed settlement must be reviewed in order to issue a preliminary fairness evaluation. *Grice v. PNC Mortg. Corp. of Am.*, PJM-97-3084, 1998 WL 350581, at *2 (D.Md. May 21, 1998); *see also* Manual For Complex Litig. (Fourth) § 21.632 ("The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms."). At this initial stage, preliminary approval should be granted when a proposed settlement is "within the range of possible approval," subject to further consideration at the final fairness hearing after interested parties have had an opportunity to object. *Benway v. Resource Real Estate Servs., LLC*, No. WMN-05-3250, 2011 WL 1045597, at *4 (D.Md. Mar. 16, 2011) (internal quotation marks omitted). Where a class-wide settlement is presented for approval prior to class certification, there must also be a preliminary determination that the proposed settlement class satisfies the prerequisites set

forth in Fed.R.Civ.P. 23(a) and at least one of the subsections of Fed.R.Civ.P. 23(b).  *See* Manual For Complex Litig. (Fourth) § 21.632; *cf. Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).[4]  The parties must also be directed to provide notice to the putative class members regarding the terms of the proposed settlement and the date of the final fairness hearing, where arguments and evidence may be presented in support of, and in opposition to, the settlement.  *See* Fed.R.Civ.P. 23(e).  At the second stage, following the final fairness hearing, final approval will be granted "[i]f the proponents of the settlement have satisfied their burden of showing that it is fair, adequate and reasonable."  *Grice*, 1998 WL 350581, at *2.

---

[4] Fed.R.Civ.P. 23(a) provides as follows:

> (a) Prerequisites to a Class Action.  One or more members of a class may sue or be sued as representative parties on behalf of all only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(b)(3), the subsection relied on by Ms. Curry, permits a class action to be maintained only if it can be concluded (1) that "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Here, upon careful consideration of the parties' joint-motion and a thorough review of the proposed Settlement Agreement, and subject to further consideration at the hearing described in Paragraph 12 below ("the Final Fairness Hearing"), it is this 29th day of July, 2021, ORDERED as follows:

1.    The parties' joint motion for preliminary approval of the Settlement Agreement (ECF No. 38) BE, and the same hereby IS, GRANTED;

2.    Subject to further consideration at the Final Fairness Hearing, the terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e);

3.    For settlement purposes only, and subject to further consideration at the Final Fairness Hearing, the following class of individuals ("the Class Members") BE, and the same hereby IS, CERTIFIED as a class action pursuant to Fed.R.Civ.P. 23(a) & 23(b)(3):

> All Maryland consumers whose vehicles were repossessed and sold by Money One Federal Credit Union ("Money One") or contractors acting on its behalf from December 5, 2015 to January 21, 2019, pursuant to a credit contract governed by Md. Code Ann., Com. Law § 9-101, et seq., ("UCC") and as to whom CU Collections sent post-repossession notices which stated that consumers had 15 days to redeem their vehicles.

Excluded from the settlement class are: (a) individuals who now are or have ever been executives of Defendants and the spouses, parents, siblings, and children of all such individuals, (b) any individual who was not a resident of the State of Maryland as of the date that his or her vehicle was repossessed, (c) any individual who was granted a discharge pursuant to the United States Bankruptcy Code or state receivership laws after the date of his or her contract, unless he or she reaffirmed his or her obligations with approval of the bankruptcy court, and (d) any individual against whom a deficiency judgment has already been obtained relating to their contract with Money One;

    4.    The court preliminarily finds that the Rule 23 Class meets the prerequisites for a class action under Fed.R.Civ.P. 23(a) and (b)(3) in that:

    a.    The number of Class Members – 71 – is so numerous that joinder of all members thereof is impracticable;

    b.    There are questions of law or fact common to the class, including but not limited to the question of whether, following the repossession of Plaintiff's and Class Members' vehicles, Defendants sent form post-repossession notices that failed to comply with the UCC;

c.   Ms. Curry's claims are typical of the claims of the class she seeks to represent because her claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims – namely, Defendants' alleged use of defective form notices during the period between December 5, 2015, and January 21, 2019;

d.   Ms. Curry and Class Counsel have and will fairly and adequately represent the interests of the class because Ms. Curry's interests are not at odds with those of the Class Members and because Class Counsel are qualified, experienced, and competent (*see* ECF No. 38-2);

e.   The questions of law or fact common to the class predominate over any factual or legal variations among Class Members, because there is no dispute that individual questions exist because the post-repossession notices at issue were form notices; and

f.   Class adjudication of Class Members' claims is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, whose claims are relatively small and who may not be in a position

9

to enforce their rights through a lengthy and costly suit;

5.     Plaintiff Candice Curry BE, and the same hereby IS, APPOINTED to serve as the representative of the Class;

6.     The law firm of Santoni, Vocci, & Ortega, LLC, BE, and the same hereby IS, APPOINTED to serve as Class Counsel for the Class pursuant to Fed.R.Civ.P. 23(g);

7.     The Casey Group BE, and the same hereby IS, APPOINTED to serve as the Settlement Administrator for the Settlement Agreement; within fourteen days after the entry of this order, Defendants will provide to Class Counsel a list of Settlement Class members in readable electronic form and for each Settlement Class member, Defendants will provide the: (i) name; (ii) last known address; and (iii) amount of current deficiency balance. Defendants shall use reasonable, good faith efforts to identify Settlement Class members;

8.     The Settlement Administrator shall verify the supplied addresses to increase the accuracy of information and issue the notice of class action settlement by U.S. mail no later than 30 days from the date this preliminary order of approval is entered by the clerk.  If any notices are returned as undeliverable, the Settlement Administrator will research returns to obtain updated addresses and resend the notices. The court finds that mailing of the notice of class action settlement by regular first-class mail

to all Class Members and a second mailing for any returned notices, constitutes valid, due and sufficient notice to the Class Member;

9.   The parties shall correct the first and seventh paragraphs of the proposed notice of class action lawsuit (ECF No. 38-3) to replace the language "from December 5, 2015 to the present," with the language "from December 5, 2015 to January 21, 2019,";

10.   Class Members who wish to object to the Settlement Agreement shall have a right to appear and be heard at the Final Fairness Hearing provided that such Class Member files with the court and delivers to the Settlement Administrator (the Casey Group), Class Counsel, and Defendants' Counsel a written notice of objection no later than sixty (60) days after the notice of class action lawsuit is sent to Class Members.  In the written objection, the Class Member must state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel.  Written objections must be signed by the Class Member (or his or her attorney) and filed with the U.S. District Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.  Copies of the objections and supporting documentation must also be mailed or hand-delivered to: (1) Jane Santoni, Matthew Thomas Vocci, and Chelsea Ortega, Santoni, Vocci

& Ortega, LLC, 409 Washington Avenue, Suite 1000, Towson, Maryland 21204 (Class Counsel); (2) Michael K. Hourigan, Ferguson, Schetelich & Ballew, P.A., 100 South Charles Street, Suite 1401, Baltimore, MD 21201 (counsel for Money One); (3) James E. Dickerman, Eccleston & Wolf, Baltimore-Washington Law Center, 7240 Parkway Drive, 4th Floor, Hanover, MD 21076 (counsel for Silverman Theologou LLP); and (4) Julia K. Whitelock, Gordon Rees Scully Mansaukhani, LLP, 1101 King Street, Suite 520, Alexandria, VA 22314 (counsel for CU Collections); and (5) the Casey Group. Class Counsel and Defendants' Counsel may, but are not required to, respond to the objections, if any, by means of a Memorandum of Law not to exceed 15 pages, filed and served no later than five (5) days before the Final Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and delivered, shall be stated in detail in the notice sent to Class Members. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Final Fairness Hearing, unless the court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objections to the fairness, reasonableness, or adequacy of the settlement or the award of attorneys' fees to Class Counsel, unless otherwise ordered by the court;

11.  Class Members who wish to exclude themselves from the class must (with their co-borrower, if any) mail a written request for exclusion to the Settlement Administrator, the Casey Group, with copies mailed to Class Counsel and to Defendant's counsel. Requests for exclusion do not need to be in any particular format, except that the request must state that the Class Member intends to "opt-out" or request "exclusion" from the Class and must be signed, personally, and contain the full name, current address, and telephone number of the person requesting exclusion.  The written request for exclusion must be sent by U.S. mail, first class and postage prepaid, postmarked on or before sixty (60) days from the date the notice of class action lawsuit is sent to Class Members;

12.  Pursuant to Fed.R.Civ.P. 23(e), a Final Fairness Hearing addressing final approval of the Settlement Agreement shall be held at the United States District Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770 at 10:00 a.m. on December 3, 2021. The specific courtroom will be noted at www.mdd.uscourts.gov/calendar/calendar.asp.  In the event that renewed incidence of COVID-19 limits or prevents in-person proceedings in the courthouse, the hearing may be held virtually, via zoomgov.com.  Appropriate notices will be noted on the docket and the court's calendar;

13.   At least 14 days prior to the Final Fairness Hearing, Class Counsel shall file all papers in support of (a) final approval of the Settlement Agreement as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e); (b) final certification of the Rule 23 Class; (c) the attorneys' fees and expenses requested by Class Counsel; and (d) the incentive fee requested on behalf of Ms. Curry;

14.   All proceedings in this action are hereby stayed pending the Final Fairness Hearing;

15.   The parties are directed to submit a revised notice of class action settlement correcting the class definition, the time class members have to object or opt-out of the Settlement Class, and all other changes discussed herein within seven (7) days of the date of this Memorandum Opinion and Order;

16.   The parties are directed strictly to follow the agreed-upon protocols; and

17.   The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.


                        /s/
                DEBORAH K. CHASANOW
                United States District Judge