```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

CANDICE CURRY, on her own behalf:
and on behalf of all others
similarly situated              :

    v.                          :   Civil Action No. DKC 19-3467

                                :
MONEY ONE FEDERAL CREDIT UNION,
et al.                          :
```

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 9th day of December, 2021, by the United States District Court for the District of Maryland, ORDERED that:

1. The joint motion for final approval of the class action settlement, (ECF No. 48), BE, and the same hereby IS, GRANTED;

2. For settlement purposes only, the following Class of individuals ("the Class Members") BE, and the same hereby IS, CERTIFIED pursuant to Fed.R.Civ.P. 23(a) and (b)(3):

> All Maryland consumers whose vehicles were repossessed and sold by Money One Federal Credit Union ("Money One") or contractors acting on its behalf from December 5, 2015 to January 21, 2019, pursuant to a credit contract governed by Md. Code Ann., Com. Law § 9-101, et seq., ("UCC") and as to whom CU Collections sent post-repossession notices which stated that consumers had 15 days to redeem their vehicles.

> Excluded from the settlement class are: (a) individuals who now are or have ever been executives of Defendants and the spouses, parents, siblings, and children of all such individuals, (b) any individual who was not a

      resident of the State of Maryland as of the date that his or her vehicle was repossessed, (c) any individual who was granted a discharge pursuant to the United States Bankruptcy Code or state receivership laws after the date of his or her contract, unless he or she reaffirmed his or her obligations with approval of the bankruptcy court, and (d) any individual against whom a deficiency judgment has already been obtained relating to their contract with Money One;

3. The court finds that the Class meets the prerequisites for a class action under Fed.R.Civ.P. 23(a) and (b)(3) in that:

    a. The number of Class Members – 69 – is so numerous that joinder of all members thereof is impracticable;

    b. There are questions of law or fact common to the class, including but not limited to the question of whether, following the repossession of Class Members' vehicles, Defendants sent form post-repossession notices that did not comply with the UCC;

    c. Ms. Curry's claims are typical of the claims of the class she seeks to represent because her claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims – namely, Defendants' alleged use of defective form notices during the period between December 5, 2015, and January 21, 2019;

    d. Ms. Curry and Class Counsel have fairly and adequately represented the interests of the class because Ms. Curry's interests are not at odds with those of the Class

        Members and because Class Counsel are qualified, experienced, and competent;

    e. The questions of law or fact common to the class predominate over any factual or legal variations among Class Members because the post-repossession notices at issue were form notices; and

    f. Class adjudication of Class Members' claims is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, whose claims are relatively small and who may not be in a position to enforce their rights through a lengthy and costly suit;

4. The Settlement Agreement BE, and the same hereby IS, APPROVED;

5. The court finds that the notice given is the best notice practicable under the circumstances and it full and accurately informed the Class of all relevant and material elements of the Settlement Agreement;

6. The court finds that the Agreement is fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e);

    a. The terms and conditions of the Settlement constitute a good faith compromise of disputed claims and defenses, are the product of arm's-length bargaining among the Parties, and are procedurally fair;

    b.    The terms and conditions of the Settlement are substantively adequate in light of the relative strength of the claims and defenses presented and the lack of any objections or opt-outs;

7.    The motion to approve *cy pres* recipients, an incentive award for the class representative, and attorney's fees and costs filed by Plaintiff Candice Curry, (ECF No. 49), BE, and the same hereby IS, GRANTED;

8.    The court finds $6,000.00 to be a fair and reasonable incentive payment for the Class Representative and directs that payment be made to her in accordance with the Agreement;

9.    The court finds $68,321.90 in attorney's fees to be fair and reasonable and directs that payment be made to Class Counsel in accordance with the Agreement;

10.    The court finds $1,998.40 in litigation costs to be fair and reasonable and directs that payment be made to Class Counsel in accordance with the Agreement;

11.    The court finds $2,179.70 in settlement costs to be fair and reasonable and directs that payment be made to Class Counsel in accordance with the Agreement;

12.    The court finds that $71,500 will remain in the Settlement Fund after the award, fees, and costs are paid and directs that $1,100.00 per loan be paid to Class Members in accordance with the Agreement;

13. The court finds that the National Association of Consumer Advocates ("NACA") and the Homeless Persons Representation Project ("HPRP") are appropriate *cy pres* recipients and direct that any residual amount in the Settlement Fund be paid to them in equal parts in accordance with the Agreement;

14. This action BE, and the same hereby IS, DISMISSED WITH PREJUDICE, although the court shall retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order; and

15. The Clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.

                                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge